Prob 12B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION WITH CONSENT OF THE OFFENDER

*(Probation Form 49, Waiver of Hearing, is on file)*

| | |
|---|---|
| **Offender Name:** | Charlesetta J. MORRIS |
| **Docket Number:** | 1:05CR00084-001 |
| **Offender Address:** | Bakersfield, California |
| **Judicial Officer:** | Honorable Oliver W. Wanger<br>United States District Judge<br>Fresno, California |
| **Original Sentence Date:** | 08-01-05 |
| **Original Offense:** | Counts 1 and 2: 18 USC 287 - False Claim to an Agency of the United States (CLASS D FELONY) |
| **Original Sentence:** | 1 month BOP; 36 months supervised release; $200 special assessment; $4,501 restitution; mandatory testing |
| **Special Conditions:** | Warrantless search and seizure; not dissipate assets until financial obligation is paid in full; financial disclosure; financial restriction; drug counseling; drug testing; mental health treatment; 5 months home incarceration under the electronic monitoring program; $25 co-payment; cooperate in DNA collection |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 08-01-05 |
| **Assistant U.S. Attorney:** | Stanley Boone      **Telephone:** (559) 497-4000 |
| **Defense Attorney:** | E. Marshall Hodgkins, III  **Telephone:** (559) 233-3961 |

**RE:   Charlesetta J. MORRIS**
     **Docket Number: 1:05CR00084-001**
     **PETITION TO MODIFY THE CONDITIONS OR TERM**
     **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

**Other Court Action:**

**10-24-05:**    Non-compliance Report submitted to notify the Court of the defendant's marijuana abuse. On October 26, 2005, the Court approved the probation officer's recommendation to take no immediate negative action in order to allow the defendant to benefit from services.

**01-03-06:**    Non-compliance Report submitted to notify the Court of the defendant's marijuana abuse. The probation officer recommended no negative action be taken in order to allow the defendant to benefit from treatment. The Court approved on January 5, 2006.

## PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

The defendant shall reside and participate in a residential community correctional center, for a period not to exceed 90 days; said placement shall commence as directed by the probation officer pursuant to 18 USC 3563(b)(11). The defendant shall pay cost of confinement as determined by the Bureau of Prisons.

It is further ordered that the special condition requiring home detention for a period of five months be deleted.

**Justification:**   In short, the defendant has recently failed to: 1) Show for a urinalysis test; 2) Abstain from marijuana use; 3) Comply with the rules of home confinement; and, 4) Make restitution payments.

RE:   Charlesetta J. MORRIS
      Docket Number:  1:05CR00084-001
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

More specifically, the defendant failed to show for urinalysis testing as required by her outpatient treatment program on February 26, 2006.  On March 8, 2006, the probation officer confronted the defendant with the failure to show.  The defendant stated she probably just forgot to call the program that day.  The probation officer re-instructed the defendant to call the treatment program for urinalysis reporting instructions on a daily basis, and advised her that subsequent failures to show for urinalysis testing would result in a recommendation for negative action in the form of intensified program requirements or placement in a community corrections program (CCC).

On January 18, 2006, the defendant began serving her five months of home confinement under the electronic monitoring program.  She was instructed regarding the rules of the electronic monitoring program and signed a Home Confinement Program Participant Agreement acknowledging her understanding of the rules.  On March 15, 2006, the defendant returned to her residence after the curfew.  The probation officer telephoned the defendant immediately upon her return and asked her to explain the curfew violation.  The defendant stated, "I was at the hamburger stand ordering my food."  Although the probation officer had the impression the defendant felt her explanation justified her curfew violation, the probation officer advised the defendant to incur no subsequent curfew violations and reminded her that her established curfew was already considered lenient.

On March 18, 2006, at approximately 2:00 a.m., the probation officer was notified by the electronic monitoring company that the defendant left her residence during curfew for a period of 11 minutes.  In order to determine whether or not the defendant was at her residence, the probation officer telephoned the defendant three times between 2:19 a.m. and 2:55 a.m.  The defendant violated the rules of home confinement as she failed to answer her telephone in spite of the fact the probation officer allowed the telephone to ring for several minutes.  At the request of the probation officer, the Bakersfield Police Department conducted a welfare check at the defendant's residence due to the fact she has health problems and did not answer the telephone.  The Bakersfield Police

**RE:   Charlesetta J. MORRIS**
      **Docket Number:  1:05CR00084-001**
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

Department determined the defendant was at home.  The probation officer received a subsequent violation notification indicating the defendant left her residence at 6:06 a.m., and returned 12 minutes later.  The probation officer attempted to contact the defendant by telephone prior to the end of her curfew, but the defendant did not respond.

A review of the defendant's electronic monitoring report record revealed that on three occasions, the defendant apparently left and returned to her apartment during the early morning hours for short periods of time.  Considering the curious nature of these events, the probation officer requested the electronic monitoring company conduct a diagnostic check of the defendant's home monitoring unit on March 18, 2006. Although the diagnostic check was inconclusive, the company representative indicated such incidents could occur due to the presence of another telephone.  On March 21, 2006, the defendant reported to the probation office and admitted the presence of a second telephone line in her home, which she knew to be a violation of the electronic monitoring program rules.

On March 21, 2006, the defendant also admitted that on March 7, 2006, she smoked marijuana because she was, "stressed" about her former mother-in-law being "on her death bed."  The probation officer then confronted the defendant with the fact she had failed to make a payment towards restitution.  The defendant blamed the probation officer by stating, "you didn't tell me where to pay."  In fact, the probation officer did instruct the defendant regarding restitution payments.

On March 27, 2006, the probation officer conducted a home visit with the defendant.  The probation officer observed marijuana seeds and stems on the kitchen counter, and noted a metal marijuana pipe and a package of metal screens were also on the counter.  The defendant denied knowledge of these items. However, the defendant's daughter claimed ownership of the paraphernalia. The probation officer instructed the defendant's daughter to dispose of the paraphernalia and admonished the defendant to make sure her home was free at all times of such items.  Two compound archery bows, were also discovered

**RE:  Charlesetta J. MORRIS**
    **Docket Number:  1:05CR00084-001**
    **PETITION TO MODIFY THE CONDITIONS OR TERM**
    **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

in the defendant's closet, and the probation officer instructed the defendant to remove them from her home because they were considered dangerous weapons.

On March 28, 2006, the probation officer returned to the defendant's residence to discuss her supervision issues.  The defendant re-affirmed previous statements that she would like to have her electronic monitoring terminated and instead participate in a CCC program in order to enhance her ability to cooperate with counseling and testing requirements.  The defendant demonstrated her willingness for such a modification my signing the attached Probation Form 49 agreeing to participate in a CCC program for a period up to 90 days and to have home confinement deleted.

The probation officer considers a CCC program to be a reasonable alternative to home confinement in light of the defendant's statements and conduct under supervision.  A CCC program may also assist the defendant to find sobriety.

Therefore, the probation officer recommends the Court modify the defendant's terms and conditions of supervision as indicated above.

**RE:   Charlesetta J. MORRIS**
**Docket Number:  1:05CR00084-001**
**PETITION TO MODIFY THE CONDITIONS OR TERM**
**OF SUPERVISION WITH CONSENT OF THE OFFENDER**

Respectfully submitted,

/s/ R. Walters

**R. WALTERS**
**United States Probation Officer**
Telephone:  (661) 861-4305

**DATED:**   April 6, 2006
              Bakersfield, California
              RCW:dk

                          /s/ Rick C. Louviere
**REVIEWED BY:**   _____
              **RICK C. LOUVIERE**
              **Supervising United States Probation Officer**

---

**THE COURT ORDERS:**

( X )   Modification approved as recommended.

(   )   Modification not approved at this time.  Probation Officer to contact Court.

(   )   Other:

IT IS SO ORDERED.

**Dated:   April 12, 2006**                    */s/ Oliver W. Wanger*
emm0d6                                UNITED STATES DISTRICT JUDGE